Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EVELYN MERCADO PÉREZ | | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Mayagüez |
|---|---|---|
| Peticionaria | KLAN202400308 | Caso Núm. MZ2023RF00427 |
| EX PARTE | | Sobre: Declaración de Incapacidad y Designación de Tutor |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

I.

El 9 de julio de 2023 la Sra. Evelyn Mercado Pérez solicitó al Tribunal de Primera Instancia que se declarara a la Sra. Monserrate Pérez Suárez incapaz de administrar su persona y sus bienes y se le nombrara su tutora. El 11 de julio de 2023 se expidieron los emplazamientos a la señora Pérez Suárez y a sus otros dos hijos, el Sr. Enrique Mercado Pérez y la Sra. Gisela Mercado Pérez.

El 17 de agosto de 2023 la Oficina del Procurador de Asuntos de Familia presentó *Informe Fiscal*. Señaló que no se encontraban todos los anejos que la señora Mercado Pérez anunció que acompañaba con la *Petición* y que de dicha *Petición* surgía, que la señora Mercado Pérez residía en el Estado de Florida. Añadió que, el Art. 144 del Código Civil de Puerto Rico[1] establecía que no podía ser tutor la persona que residiera fuera de Puerto Rico, a menos que cumpliera con alguna de las excepciones de dicho artículo, lo cual

---

[1] 31 LPRA § 5702.

no surgía de las alegaciones. A su vez, solicitó se ordenara, entre otras cosas, copia del emplazamiento personal dirigido a la señora Pérez Suárez, **así como el director del hogar de cuido en el que se encuentra.[2]**

El 18 de agosto de 2023 el Tribunal de Primera Instancia emitió *Orden* requiriendo que se actualizara el juramento de la petición original y que se cumpliera con los requerimientos del *Informe Fiscal.* El 10 de septiembre de 2023 la señora Mercado Pérez presentó *Petición (Enmendada).* En esa misma fecha presentó *Moci[ó]n Informativa, Solicitud de Modificaci[ó]n Parcial de Orden y de Prórroga* contestando los requerimientos del Procurador y cuestionando la manera en que le solicitaron que emplazara a la señora Pérez Suárez por entender que no se tenía que emplazar a la directora del hogar. Además, solicitó veinte (20) días para entregar las certificaciones solicitadas.

El 25 de septiembre de 2023, notificada el 27, el Tribunal de Primera Instancia emitió *Orden* concediéndole treinta (30) días a la señora Mercado Pérez para cumplir con los requerimientos del *Informe Fiscal* y para realizar el diligenciamiento de los emplazamientos.

El 13 de noviembre de 2023 la señora Mercado Pérez presentó *Moci[ó]n Informativa de Gestiones y Solicitud de Plazo Adicional.* Presentó Certificación de Deuda del Departamento de Hacienda, la

---

[2] La lista solicitada incluyó: (1) se entregara el informe sobre las condiciones socioeconómicas de la señora Pérez Suárez, copia del emplazamiento personal dirigido a la señora Pérez Suárez, así como el director del hogar de cuido en el que se encuentra; (2) el emplazamiento de los familiares con derecho a ser tutores; (3) que se incluya el *curriculum vitae* del facultativo médico que comparecerá para prestar declaración sobre la salud de la señora Pérez Suárez; (4) copia del informe o certificación médica que establezca diagnóstico, tratamiento y prognosis de la señora Pérez Suárez; (5) que informe si solicitara ser tutor con remuneración por ejercer el cargo o lo hará gratuitamente y las razones; (6) se realice un inventario de bienes muebles e inmuebles de la señora Pérez Suárez, presentado bajo juramento; (7) informar si tiene créditos contra la señora Pérez Suárez; (8) presentar una declaración jurada con la aceptación del cargo de tutor; (9) presentar una Certificación Negativa reciente del Tribunal de Quiebras; (10) presentar una Certificación Negativa de ASUME; (11) presentar una Certificación Negativa del CRIM y; (12) presentar una Certificación de Deuda del Departamento de Hacienda.

renuncia al emplazamiento de sus hermanos el señor Enrique Mercado y la señora Gisela Mercado y **el emplazamiento dirigido a la señora Pérez Suárez realizado el 4 de noviembre de 2023, a la inmediata presencia de esta en la dirección del hogar en el que se encuentra ubicada.** En un *Segundo Informe Fiscal* presentado el 18 de diciembre de 2023, el Procurador alegó falta de jurisdicción del Tribunal sobre la señora Pérez Suárez por no haber sido emplazada conforme a derecho.

Luego de varios trámites procesales, el 1 de febrero de 2024, se celebró la vista argumentativa. Surge de la *Minuta* que la señora Mercado Pérez, a través de su representante legal, expuso que la señora Pérez Suárez no se encontraba en una institución para enfermos mentales sino en una institución de cuido y que la Regla 4.4(c) de las Reglas de Procedimiento Civil[3] dispone en cuanto a instituciones de enfermos mentales. Por su parte, el Procurador señaló que la señora Pérez Suárez se encontraba en un lugar que no era con su familia por lo que había que notificar a la institución. En cuanto a estos planteamientos, el Tribunal señaló que en todos los trámites que había atendido con el mismo tipo de circunstancias, se notificaba al director y que estaría resolviendo por escrito.

Así las cosas, el 7 de febrero de 2024, notificada el 9, el Tribunal de Primera Instancia emitió *Sentencia* archivando sin perjuicio la *Petición* por falta de jurisdicción. Intimó que no se cumplió con la Regla 4.4(c) de Procedimiento Civil por no haberse acreditado que se entregó copia de la *Demanda* y el emplazamiento al director del hogar.

Inconforme, el 23 de febrero de 2024, la señora Mercado Pérez presentó *Moci[ó]n de Reconsideración.* En ella, reiteró sus planteamientos sobre el hogar en el que se encuentra la señora Pérez

---

[3] 32 LPRA Ap. V. R. 4.4(c).

Suárez. El 24 de febrero de 2024, notificada el 26, el Foro primario emitió *Resolución* denegando la *Moci[ó]n de Reconsideraci[ó]n*. Aún en desacuerdo, el 1 de abril de 2024, la señora Mercado Pérez acudió ante nos mediante *Apelación*.[4] Señala que incidió el Tribunal de Primera Instancia al exigir que se diligenciara el emplazamiento de la *Petición* a la persona del director o directora del hogar de envejecientes donde esta reside, no siendo esta una institución para el cuidado de enfermos mentales.

El 3 de abril de 2024, emitimos *Resolución* concediéndole al Procurador término de treinta (30) días para presentar su escrito en oposición. El 10 de mayo de 2024, el Procurador compareció mediante *Alegato del Procurador de Asuntos de Familia*. Alegó, en síntesis, que el emplazamiento no se diligenció correctamente ya que los hogares de cuidado de envejecientes proveen a sus pacientes los servicios médicos y los cuidados requeridos por sus condiciones de salud, por lo que, debía emplazarse a la directora del hogar de envejecientes. Estamos en posición de resolver.

II.

El emplazamiento es el mecanismo procesal por el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra.[5] Mediante esta notificación el tribunal adquiere jurisdicción sobre la persona demandada quedando así éste obligado por el dictamen que en su día recaiga.[6] Se ha resuelto que existe una política pública que exige que la parte

---

[4] Plantea:
   Erró el Honorable Tribunal de Primera Instancia (TPI), sala de Mayagüez, al desestimar la petición de declaración de incapacidad y nombramiento de tutor por falta de jurisdicción sobre la persona de la alegada incapaz, requiriendo que el diligenciamiento hecho en el caso se hiciese en la persona del director o directora del hogar de envejecientes donde esta reside, no siendo esta una institución para el cuidado de enfermos mentales.

[5] *Rivera Marrero* v. *Santiago Martínez*, 203 DPR 462 (2019). Véase, además, *Rivera* v. *Jaume*, 157 DPR 562, 575 (2002).

[6] *Rivera*, 203 DPR, pág. 481; *Bernier González* v. *Rodríguez Becerra*, 200 DPR 637 (2018); *Márquez* v. *Barreto*, 143 DPR 137, 142 (1997).

demandada sea emplazada y notificada debidamente en aras de evitar el fraude y garantizar un debido procedimiento de ley.[7]

La Regla 4.3 (c) de Procedimiento Civil,[8] establece que:

[E]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Por otro lado, el inciso (c) de la Regla 4.4 de Procedimiento Civil[9] dispone, en lo aquí pertinente, lo siguiente:

(c) A una persona que haya sido declarada judicialmente incapacitada y se le haya nombrado un tutor o tutora, entregando copia del emplazamiento y de la demanda a dicha persona y a su tutor o tutora. **Si una persona que no haya sido declarada judicialmente incapacitada se encuentra recluida en una institución para el tratamiento de enfermedades mentales, deberá entregarse copia del emplazamiento y de la demanda a dicha persona y al director o directora de la institución.** En todos los demás casos en que la parte demandante, su abogado, abogada o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, deberá notificarlo al tribunal para que éste proceda de acuerdo con lo dispuesto en la Regla 15.2(b).

### III.

La base de la impugnación del dictamen se refiere a que, la precitada Regla 4.4(c) de Procedimiento Civil solo exige que se emplace al director de una institución de cuidado donde se ofrece tratamiento de enfermedades mentales y no a centros de cuido de

---

[7] *Rivera*, 203 DPR, pág. 481; Véase, además, *Informe de Reglas de Procedimiento Civil* de diciembre de 2009.
[8] 32 LPRA Ap. V, R. 4.3(c).
[9] 32 LPRA Ap. V, R. 4.4(c). Énfasis nuestro.

envejecientes como el que alberga a la señora Pérez Suárez.[10] Distinto a los establecimientos de cuidado de envejecientes, las instituciones para el tratamiento de enfermedades mentales están reguladas por el Departamento de Salud. Finalmente, alega que el emplazamiento dirigido a la inmediata presencia de la señora Pérez Suárez fue suficiente. Le asiste la razón. Veamos por qué.

Como relacionamos previamente, la Regla 4.4 de Procedimiento Civil, establece que, **"[s]i una persona que no haya sido declarada judicialmente incapacitada se encuentra recluida en una institución para el tratamiento de enfermedades mentales, deberá entregarse copia del emplazamiento y de la demanda a dicha persona y al director o directora de la institución."**[11]

Estamos precisamente, ante un caso en que la persona, no solo no ha sido declarada judicialmente incapacitada, sino que la petición de incapacidad y nombramiento de tutor se basa en la incapacidad de administrar sus bienes, y no por razón de padecimiento de enfermedad o condición mental. Además, el hogar en el que reside la Pérez Suárez -Hogar Naturaleza Dorada de Mayagüez-, es un centro de cuido de envejecientes, y no una institución para el tratamiento de enfermedades mentales. No podía, pues, exigirse un requisito no contemplado en la ley. Tratándose de una persona que no ha sido declarada incapaz judicialmente y que no está en una institución para el tratamiento de enfermedades mentales, no era necesario emplazar al director o directora de la institución. El emplazamiento entregado personalmente a la señora Pérez Suárez fue suficiente.

---

[10] Dicho centro de cuido de envejecientes ostenta licencia expedida por el Departamento de la Familia. Específicamente, la licencia del Hogar Naturaleza Dorada está expedida bajo el Reglamento 7349 del 7 de mayo de 2007 de Departamento de la Familia.
[11] 32 LPRA Ap. V, R. 4.4(c).

Vale señalar que, a pesar de que no era un requisito legal emplazar al director del centro de cuido de envejecientes, en este caso se diligenció el emplazamiento de la señora Pérez Suárez en su inmediata presencia, en el Hogar Naturaleza Dorada y en presencia de la directora del hogar.

IV.

Por los fundamentos antes expuestos, se *revoca* la *Sentencia* recurrida y se ordena la continuación de los procedimientos ante el Tribunal de Primera Instancia de forma compatible con lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones